**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1968**

CATHY D. BROOKS-MCCOLLUM; SAMUEL J. MCCOLLUM,

Plaintiffs - Appellants,

and

THE RESERVE @ ELK RIVER, (With Permission Of the Court upon Indemnification Ruling and within Corporate Document),

Plaintiff,

v.

ASPEN PROPERTY MANAGEMENT COMPANY; BRADFORD L. CARILLO, JR.; ALLISON FENWICK; MICHAEL NEALL & ASSOCIATES; ADELAIDE ARKU; DAVID O'CONNOR; EUNITA BOOKER; MRA PROPERTY MANAGEMENT COMPANY; MCMULLEN & DRURY PA; RICHARD W. DRURY; PAUL TRAPANI; NORMAN ANDERSON; MICHAEL S. NEALL; SCOTT J. SILVERMAN; NAGLE & ZALLER, P.C.,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cv-00324-JFM)

Submitted: November 14, 2013      Decided: January 8, 2014

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cathy D. Brooks-McCollum; Samuel J. McCollum, Appellants Pro Se. Eric H. Haversack, HYATT & WEBER, PA, Annapolis, Maryland; Scott Jon Silverman, Erin Kathleen Voss, NAGLE & ZALLER PC, Columbia, Maryland; Michael Stuart Neall, MICHAEL NEALL & ASSOCIATES, Annapolis, Maryland; Richard Warren Drury, MCMULLEN, DRURY & PINDER, PA, Towson, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cathy D. Brooks-McCollum and Samuel J. McCollum, Plaintiffs, appeal the district court's order dismissing their complaint, as amended, against the Defendants. Plaintiffs alleged numerous claims under Maryland state law and violations of the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"). The district court dismissed Plaintiffs' amended complaint for lack of subject matter jurisdiction. On appeal, Plaintiffs assert that they had plausibly asserted violations of the FCRA and the FDCPA. We affirm.

"We review de novo a district court's dismissal for lack of subject matter jurisdiction under [Fed. R. Civ. P.] 12(b)(1)." Taylor v. Kellogg Brown & Root Servs., Inc., 658 F.3d 402, 408 (4th Cir. 2011). Plaintiffs have the burden of proving subject matter jurisdiction. Piney Run Pres. Ass'n v. County Comm'rs of Caroll Cnty., Md., 523 F.3d 453, 459 (4th Cir. 2008). We also review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient

"facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The only plausible basis for jurisdiction over Plaintiffs' action is federal question jurisdiction, with the FCRA and the FDCPA providing the hooks for supplemental jurisdiction over the alleged state claims.[*] See 28 U.S.C. §§ 1331, 1367 (2006). Although Plaintiffs have alleged violations of federal statutes, a federal court may dismiss claims invoking federal question jurisdiction for want of subject matter jurisdiction if the claims are not "colorable," such as claims that are "wholly insubstantial and frivolous." Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006) (internal quotation marks omitted); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 818-19 (4th Cir. 2004) (en banc). Our review leads us to conclude that Plaintiffs' claims are not "wholly insubstantial or frivolous," Arbaugh, 546 U.S. at 513 n.10, in light of Plaintiffs' allegations that Defendants

---

[*] Although the district court did not identify the documents upon which it relied in granting Defendants' motion to dismiss for lack of jurisdiction, we have considered the allegations in Plaintiffs' complaint and the relevant documents attached to the motion to dismiss. See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) ("[C]ourts may consider the complaint itself and any documents that are attached to it."); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (providing that courts may consider a document attached to motion to dismiss if the document "was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity") (internal quotation marks and brackets omitted).

4

attempted to collect their past-due homeowner's association fees and assessments through unlawful means.

Nonetheless, we conclude that Plaintiffs failed to state a claim under the FCRA because they did not allege at any point that any Defendant was a credit reporting agency for purposes of the FCRA or that any Defendant requested or used a credit report. See 15 U.S.C. §§ 1681b(f), 1681n(a) (2012); Ausherman v. Bank of Am. Corp., 352 F.3d 896, 900 (4th Cir. 2003).

We also conclude that Plaintiffs have failed to state a claim under the FDCPA. The officers of the homeowner's association are not debt collectors under the FDCPA, see 15 U.S.C. § 1692a(4), (6)(A) (2012), nor is MRA Property Management Company, see 15 U.S.C. § 1692a(6)(F)(iii) (2012). To the extent the remaining Defendants may be considered debt collectors under the FDCPA, Plaintiffs' amended complaint did not allege any violations of the FDCPA that occurred within one year of Plaintiffs' filing of the instant action. See 15 U.S.C. § 1692k(d) (2012) (providing a one-year statute of limitations starting from the date of the violation of the statute). Finally, in the absence of a federal question, the district court did not err by declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3) (2006).

Accordingly, we affirm the district court's dismissal of the action, deny all of Plaintiffs' motions filed on appeal, and deny as moot Defendants' motions to strike. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED